will begin with the first case on our day calendar which is Carol Reiss or R-E-I-S-S versus Hernandez, number 19-3325 Good afternoon, this is Brian Glass for Plaintiff Appellant Carol Reiss. This case is about the mosaic necessary to be painted to get the trial on an age discrimination case for a New York City public school teacher. Ms. Reiss was almost a 40-year veteran of the DOE until she decided to resign in July of 2016 under threat that she was going to get brought up on disciplinary charges that almost certainly would lead to her given the way the double ineffective standard was created. So Ms. Reiss, I did not represent Ms. Reiss below, she was represented by, she was pro se but she had the help of Cravath, Swain & Moore and NILAG and it does appear that they they really presented all the elements that would typically get a case to trial in this in this area. I mean the courts have, this court has looked at this standard a number of times and for discrimination, retaliation and constructive discharge it appears that Ms. Reiss met the elements of each of these things to at least get to a fact finder or a jury trial and if I could just walk you through it briefly on the discrimination claim it's quite common that the court will look at verbal comments suggesting age discrimination and in this case there were three different comments made to Ms. Reiss by the principal of her school who would happen to be much younger, the AP was in her 30s, Ms. Reiss was in her 60s at the time they were made, suggesting age discrimination. We don't get that in that many cases and this is, these are more than just straight remarks, not just one comment but three separate comments in the context of observations and evaluations. The second thing the courts often look at are comparators, similarly situated comparators. Counsel, when you say three, there's, are two of them remarks that refer to her experience that should have prompted her to handle herself differently rather than a numerical age comment? Well I do believe they refer to her experience but they also referred to retirement or the consideration of retirement. I mean these three comments of that nature in the first place is this question and one wasn't very strict. Do you think it's inappropriate for someone to say as someone with as much experience as you have and should be doing her job better is that, is that inappropriate? I think under the context of what she was facing you know you have to look at the circumstances of what she had been facing for the last two years and the derogatory, the manner in which it's said you know is the word old used, is the word 63 used but I think in the context of what the whole situation I think it could be under the right circumstances and I think coupled with the other comments I think there's enough here to proceed. On the comparator aspect you know she was the only gym teacher at the school, this is a K-8 school, she's the only gym teacher so when when the court asked to draw inferences to similarly situated people she doesn't have a gym teacher to compare herself to but she did list several teachers who had received poor ratings and got tenured or became deans at the school and she actually listed about 24 other older teachers who were sort of forced out or treated possibly by this principle. So you have this you know the best you can do with comparators when you only have one gym teacher you're somewhat limited in what you could do but it does appear that she's listed a number of older teachers who are sort of forced out as well as two younger teachers who received poor ratings but it did fine and one of the tricks in this case that the we believe the board pulled in this case is that the ineffective rating has special consequences there was a standard called highly effective effective developing ineffective. If you look at the data closely none of the younger teachers got ineffective overall for the year and what made this so dangerous for Ms. Reese in this case was that this double ineffective standard had recently been created by the state where if you got two ineffectives in a row the burden of proof shifted on you to prove your competence and made it very very easy to terminate teachers and that's why she actually left the system because she was being told by her union people that two ineffectives was essentially automatic termination and so so that's the that's the second element that and again these are younger administrators who never taught phys ed who never even had involved in phys ed curriculum were rating her poorly here so you have that second element that that usually meets the standard for these cases and then you get into the pretext element about legitimate business reasons so the board in these cases use observations and letters to file now for someone who was effective even the very effective with this teacher overall I mean with this principal the first year and effective every year in her career and then I've actually been a curriculum developer all of a sudden to get all ineffectives you know observations by a 30 year old AP who never taught Jim before it was her first job raises some flat I would think races some red flags about how legitimate these observations were you know she basically could do nothing right after this new administration came on and she and that had real consequences to her when she got the double ineffective as judge Pauly even recognized you know once you get that second and effective you can't do procession work that's pensionable such as summer school the champs basketball program mr. glass thank you very much you reason I've given you a little extra time but you reserve three minutes rebuttal and it's time for us to hear from mr. own afternoon your honors I represent miss Hernandez miss Johnson and the Department of Education plaintiff was formally observed by four different administrators two of whom are not even named as defendants or having harbored any animus and all four noted serious similar deficiencies in plaintiffs teaching all gave her ineffective ratings and her claims fail for a multitude of reasons with respect to discrimination first we you know we don't concede there was a prima facie case made certainly with respect to the individuals and even as to the Department of Education there's no real no inference of discrimination but even if there were a prima facie case made her port Reese's poor teaching and poor student management were the cause were ineffective ratings and Reese fails to show pretext she cannot and does not show that the reviews were false and she utterly fails to show that age was the but for cause of her ineffective ratings when her four different administrators all observed the similar deficiencies as to her constructive discharge claim when this court is noted it's quite a high burden for a plaintiff it fails as a matter of law getting negative performance reviews simply does not an intolerable workplace make and and Reese Reese's argument firing with what her being fired as a foregone conclusion fails for several reasons first the statute still is permissive it is not mandatory that the DOE bring charges against her no 3028 was brought against her even if a 38 were to be brought against her it's an impartial arbitrator and there's no foregone result that the even admitted there was a colleague who got negative negative I'm sorry ineffective ratings and never had a 3028 commenced against him moreover Reese never even bothered to appeal her second ineffective rating internally which she could have done in which she did do after her first ineffective rating for 2015-2016 school year 2014-2015 as for retaliation there is no but for causal nexus and it this claim also fails as a matter of law first Reese cannot show that anything her net miss Hernandez said was knowingly false miss Reese was a gym teacher she was not a professional developer and then there's the fact that miss Reese's application was denied for two an additional separate reasons miss Reese the state found misrepresented her educational background and failed to sign a verification page those are two independent reasons that have nothing to do with misery as a statement which again miss Reese fails to show was false so there's no damage or harm to to to Reese from this alleged retaliation and of course there's the no causal nexus demonstrated whatsoever with respect to some of the things my adversary said there the court is correct that the two comments at that for which there was any evidence related to experience and to the fact that she's applying for a different position and they came in the context of that and there's no linkage whatsoever of those comments to the ineffective pedagogy that was observed by the floor independent before different teachers what does a professional developer do what is what is what what specifically of those responsibilities I don't believe that's not been elaborated on the record your honor I believe miss Reese put it capital P capital D professional developer down on her application to the state for the charter school and miss Hernandez when asked what was miss Reese's role at the school at PS 123 which which is the only thing that miss Hernandez knew about is that she was a gym teacher and not a professional developer it she and and the evidence that miss Reese cites in her brief to support that somehow miss Hernandez quote ratified unquote some sporadic perhaps guidance or training that she gave the there's no evidence in the record that supports this so-called ratification so again undermining the any idea that miss Hernandez stated anything false we go back a moment to the question of the principal miss Hernandez having stated that Reese had been a gym teacher at PS 123 now that was a truce a true statement right right is it your view that a true statement can't constitute an adverse employment action for purposes of Reese's retaliation claim I don't want to venture into a blanket conclusion your honor it's certainly in this case with a state charter school agency asking was Reese a gym teacher and that truthful statement yes that cannot be retaliation but I guess join the meeting somebody has joined the meeting whatever that means so truth you're not claiming the truth is an absolute defense to a claim of retaliation but that it is a defense to this claim of retaliation yes yes and in addition there's the second independent piece about the other grounds on which her charter school application was denied for the 11th time that had nothing to do with anything miss Hernandez said or didn't say so there was no harm then that she would have the application would have been not been denied anyway yes your honor going back to this defense to a claim of retaliation do we do we have authority in our circuit for the proposition that truth may be an absolute defense or is an absolute defense to a claim of conjure up any sites at this time your honor I'm sorry that's fine I'm up to my colleagues have any questions for mr. oh I do not does Parker know all right so maybe you have a couple of minutes to wrap up tell us what your strongest cases and what we should bear in mind I'm sorry is that so still me I'm thank you I see you yes yes forgive me you have a couple of minutes okay yes forget this strongest with respect to the discrimination the strongest piece of information is the fact that there are four evaluators who observed her ten times over two years and two of them are not defendants and they all found in deficiencies in her pedagogy and do we know why the others are not defendants yeah that's a question for mr. glass but we have any idea I do not know in fact one of them it's not that they these other two did one observation each one of them actually did three observations so you know his his view weighed in significantly so and that and so there's no pretext because the fact that she couldn't do procession was based on her pedagogy age was not the but for cause of her poor pedagogy and were leading to the ineffective ratings the second with respect to constructive discharge is just the possibility of being fired does not constitute an intolerable workplace under the cases in this circuit and in any event her firing was not a foregone conclusion and as to retaliation again there was no causal nexus and in and separately there was no there was an independent reason why she would have not had her charter school granted thank you thank you very much thank you mr. glass you reserved three minutes mr. glass hold on a second hold on a second mr. glass somebody get a hold mr. glass I'm going to look right now just give me one second judge thank you thanks very much yes your honor can you hear me because unfortunately my internet connection seems to have gone down can you hear me yes we can hear you yeah I heard that after I finished speaking the internet connection at the rework suite I'm in bro so I really did not hear everything but I could just sum up briefly if you could hear me clearly personally I don't think you see me but yes first of the four administrators that they keep stressing you need to understand your honors that it's mr. Nandez who is the control of the school and hire these administrators I do think they were actually all named in this Reese's original charge or EEOC charge if you see that in the record I believe that her the council that helped her crevasse or nylag decided that it was probably best to just focus on the two main administrators so I think that's why it happened but they were named at some point and those three administrators are all clearly under the wing of mr. Nandez I think there's even something in the record to suggest that mr. Nandez put pressure on one of those administrators to the lower one of her ratings so you know the fact that the board you know this all looks you know how do you get rid of a teacher you try to paper the file you have to look at the file you know logically would anyone believe that a 40 year teacher which he just did that is all of a sudden incompetent it gets all ineffective in every category it just doesn't make any sense and that's the problem with these cases is that the board is very good at you know they have what they have a game plan they draw a strategy of how to doctor someone's file and the double ineffective was orchestrated to get rid of teachers who got to it effective that was at the control of the principal so they're basically gutting tenure and and and this is this idea that they weren't going to bring charges is ridiculous because there were two ineffective that she received and if you look at the history of a double ineffective the DOE it's virtual termination so so the fact that she walked at that point to try to preserve you know her career and get into a charter school should not be something that should surprise anyone and again the context of that charter school truth it's how you say it obviously right she had been professional developer she had actually been part of Bloomberg administration local instructional superintendents this principal is well aware of her ability to you know to be a professional developer in the way you say and now she's accused of misleading you know and falsifying the documentation so so and that was the reason that this charter school application was denied so again you have to look at the record closely and understand the context and that's why it's mosaic and words like pretext and and mosaic are very subjective but it's really sort of in the eye of the on the documentation and just use your logic here and I submit that this is a case that has more than enough evidence to meet all the criteria the least put this in front of a jury instead of one district judge to decide mrs. Reese's claims in this case okay thank you for your consideration thank you very much mr. glass will reserve decisions in 19-33 25